**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WENDELL JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>Defendants. | Civil Action No. 20-12726 (MAS) (LHG)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Wendell Johnson's civil complaint. (ECF No. 1.) As this Court previously granted Plaintiff's *in forma pauperis* status in this matter (ECF No. 7), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

**I.    BACKGROUND**

Plaintiff is a state criminal detainee currently incarcerated at the Mercer County Correctional Center. (ECF No. 1-4 at 3.) In his current complaint, he seeks to raise claims against the state of New Jersey, the warden of the correctional center, Charles Ellis, and Wells Fargo Bank.[1] Essentially, Plaintiff contends that he mailed a check, which was sealed in an envelope in

---

[1] In his complaint, Plaintiff names the "Wells Fargo Center" as a defendant, but his claims against that bank seem to arise solely out of an allegedly stolen check being cashed by Wells Fargo. (*See* ECF No. 1 at 1.) This Court thus presumes that Plaintiff intends to raise a claim

his presence, to a friend for eventual use to hire an attorney, which was allegedly stolen by an unknown staff member of the correctional center and ultimately cashed by an employee of the bank. (*Id.* at 1-2.) Plaintiff contends that this "theft" of his check amounts to both mail fraud and a violation of his Due Process rights. Plaintiff does not plead any specific acts on the part of either the state or Warden Ellis which resulted in the alleged theft of his check, nor how they were involved in the poorly defined fraud, and connects the bank to his claim only by stating that someone at the bank cashed the stolen check. (*Id.*) Plaintiff does contend that he has had checks misplaced and not returned before, but states that this occurred while he was confined in a separate facility in 2003. (*Id.* at 2.)

## II.    LEGAL STANDARD

This Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status in this matter. Pursuant to that statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed

---

against the bank itself, rather than the Wells Fargo Center, which is actually a concert and sports venue in Philadelphia.

factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III. DISCUSSION

In his current complaint, Plaintiff seeks to raise claims against Warden Ellis, New Jersey, and Wells Fargo based on alleged violations of his right to Due Process and mail fraud. Turning first to his constitutional claim, Plaintiff essentially seeks to hold Defendants accountable for the theft and loss of his possessions – specifically the money embodied by the stolen and cashed check.

Where a state actor deprives an individual of property without authorization, whether intentionally or negligently, however, that deprivation will not result in a viable Due Process claim so long as there is a meaningful post-deprivation remedy available. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *but see Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982) (holding that such remedies do not satisfy Due Process where the deprivation resulted from established state procedure); *see also Miller v. Fraley*, No. 12-4470, 2015 WL 511296, at *11 (D.N.J. Feb. 6, 2015). The State of New Jersey has provided a proper post-deprivation remedy for the unauthorized deprivation of property through the New Jersey Tort Claims Act. *See N.J. Stat. Ann.* § 59:1-1, *et seq.*; *Miller*, 2015 WL 511296 at *11. As Plaintiff has a proper post-deprivation remedy for the loss of his property, he may not pursue a Due Process claim on the basis of his stolen property, and his constitutional claim must therefore be dismissed for failure to state a claim for relief.[2]

Finally, Plaintiff seeks to raise claims against Defendants for alleged mail fraud. The federal mail fraud statutes, however, are criminal statutes and "there is no private cause of action [under] the federal mail and wire fraud statutes." *Addlespurger v. Corbett*, 461 F. App'x 82, 87

---

[2] Although this analysis is sufficient to require the dismissal of Plaintiff's stolen property claim, the Court notes that Plaintiff's constitutional claim suffers from several other deficiencies. First, a prisoner's civil rights claim brought pursuant to 42 U.S.C. § 1983 may only be raised against a state actor – and Wells Fargo is not a state actor subject to liability under the statute. The State of New Jersey is likewise entitled to absolute sovereign immunity in this Court and is not a "person" subject to suit under § 1983. *See Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280-81 (D.N.J. 2013); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). Finally, a defendant can only be held liable under § 1983 if he had personal involvement in the alleged wrong, and a supervisor such as Warden Ellis may not be held liable based on the alleged actions of his subordinates. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (civil rights defendants may not be held liable under *respondeat superior* theory of liability). Plaintiff's claims against the three named Defendants would thus need to be dismissed even if Plaintiff's claim were not otherwise pre-empted by the provision of a post-deprivation remedy.

(3d Cir. 2012); *Kornea v. J.S.D. Management, Inc.*, 366 F. Supp. 3d 660, 669 (E.D. Pa. 2019). Thus, even had plaintiff pled facts with sufficient particularity to suggest that Defendants had committed such fraud – rather than merely asserting such in a conclusory fashion – he would still fail to state a claim for relief under federal law. Plaintiff's mail fraud claim is therefore dismissed with prejudice for failure to state a plausible claim for relief.[3]

### IV. CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED** in its entirety. An order consistent with this Opinion will be entered.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[3] Nothing in this opinion should be read to preclude Plaintiff from seeking relief in state court under any relevant state law fraud statute he may believe covers Defendants' alleged actions.